IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02026-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 9 2009

GREGORY C. LANGHAM
CLERK

GISELLE GUTIERREZ-RUIZ,

     Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Giselle Gutierrez-Ruiz, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon Correctional Facility in Limon, Colorado. Mr. Gutierrez-Ruiz initiated this action by filing a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 97-CR-3018 in the Adams County District Court of Colorado.

     In an order entered on September 1, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 21, 2009, Respondents filed a Pre-Answer Response. Mr. Gutierrez-Ruiz did not file a reply.

     The Court must construe liberally the Application filed by Mr. Gutierrez-Ruiz because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On July 10, 1998, a jury found Mr. Gutierrez-Ruiz guilty of first degree murder and first degree assault. Pre-Answer Resp. Ex. A at p. 8 (State Register of Actions). On July 15, 1998, the trial court sentenced Mr. Gutierrez-Ruiz to life without parole for the murder conviction, and ten years and one day for the assault conviction. *Id.* at 9.

Mr. Gutierrez-Ruiz filed a motion for a new trial on August 3, 1998. Pre-Answer Resp. Ex. A at p. 9. After a hearing, the motion was denied by the trial court on April 29, 1999. *Id.* at 11.

Mr. Gutierrez-Ruiz then filed a direct appeal to the Colorado Court of Appeals (CCA). *Id.* at 12. The CCA affirmed his conviction on February 22, 2001. *See People v. Gutierrez-Ruiz*, No. 99CA1149 (Colo. App. Feb. 22, 2001) (unpublished opinion). Mr. Gutierrez-Ruiz petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on August 21, 2001. Pre-Answer Resp. Ex. A at p. 13.

On November 24, 2006, Mr. Gutierrez-Ruiz filed a motion for postconviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). *Id.* On January 8, 2007, Mr. Gutierrez-Ruiz filed a Petition for Writ of Habeas Corpus. *Id.* The trial court denied the motions on January 18, 2007. *Id.*

On February 6, 2007, Mr. Gutierrez-Ruiz filed a second motion for postconviction relief pursuant to Rule 35(c). *Id.* The trial court denied on the motion on August 9,

2

2007. *Id.* at 14.  Mr. Gutierrez-Ruiz appealed the denial to the CCA on June 4, 2009,

but the appeal was dismissed on August 13, 2009, after Mr. Gutierrez-Ruiz failed to

respond to an order to show cause.  *Id.* at 15.

Mr. Gutierrez-Ruiz then filed the instant action, which was received by the Court

on August 19, 2009.  In the Application, Mr. Gutierrez-Ruiz asserts four claims.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of—
>
>> (A)  the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)  the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this

3

subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gutierrez-Ruiz's criminal case became final. Because Mr. Gutierrez-Ruiz filed a direct appeal, his conviction became final ninety days after August 21, 2001, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Gutierrez-Ruiz's conviction became final on November 19, 2001. As such, the one-year statute of limitations began to run on November 20, 2001, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Gutierrez-Ruiz's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal

4

law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Gutierrez-Ruiz's state court action between November 20, 2001, and November 23, 2006. Therefore, the limitation period began to run on November 20, 2001, and expired on November 20, 2002, the 365th day after the limitation period began to run. Because the one-year limitation period expired before Mr. Gutierrez-Ruiz filed his Rule 35(c) motion on November 24, 2006, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately six years and eight months prior to the filing of the application on August 19, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

5

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Gutierrez-Ruiz bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Gutierrez-Ruiz fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Gutierrez-Ruiz has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _19_ day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02026-BNB

Giselle Gutierrez-Ruiz
Prisoner No. 97851
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to
the above-named individuals on 11|19|09


GREGORY C. LANGHAM, CLERK


By: _____
                 Deputy Clerk